# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **FOTONATION LIMITED and DIGITALOPTICS CORP. MEMS,**<br><br>Plaintiffs,<br><br>v.<br><br>**SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.**<br><br>Defendants. | Civil Action No. 2:17cv669<br><br>**JURY TRIAL DEMANDED** |

# PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' IMPROPER AMENDMENT TO INVALIDITY CONTENTIONS

## I. INTRODUCTION

Plaintiffs FotoNation Limited and DigitalOptics Corp. MEMS ("Plaintiffs" or "FotoNation") move to strike portions of Defendants Samsung Electronics Co., LTD's and Samsung Electronics America, Inc.'s ("Samsung") Amended Invalidity Contentions served June 22, 2018. Samsung improperly used the Discovery Order's source code amendment procedures as an opportunity to materially revise its invalidity case. Samsung seeks to justify its amendment by referencing P.R. 3-3(e) in paragraph 3(a) of the Discovery Order (Dkt. 46). But that Rule is very limited, only allowing a defendant to supplement prior art for claim limitations as to which a plaintiff cited source code in its infringement contentions. *See id.* (permitting defendant to "amend ***only*** those claim elements identified as software limitations by the party claiming patent infringement.")[1] Samsung's amendment expands beyond that — identifying new prior art for forty-five claim limitations where FotoNation made no source code citations. Samsung has refused to seek the Court's leave for these amendments, as P.R. 3-6 requires. The Court should therefore strike Samsung's Amended Invalidity Contentions for those limitations where FotoNation made no corresponding source code citation.

## II. BACKGROUND

FotoNation served its infringement contentions on February 5, 2018. Dkt. 52. FotoNation's contentions included evidence from teardowns of the Accused Products, detailed testing data, and information from Samsung's advertisements and user manuals. *See* Dkt. 109 at 6-10. All of this sufficiently put Samsung on notice of FotoNation's infringement theories. *Id.* As permitted under the Court's Rules, FotoNation also reserved its right to supplement its infringement contentions pursuant to P.R. 3-1(g), once Samsung completed its source code

---

[1] Emphasis added throughout unless otherwise noted.

production. *See* Dkt. 46.

On February 22, 2018 Samsung produced its initial set of source code. Ex. 1, (02/22 Letter from Whilt to Virgien). While reviewing the source code, FotoNation identified several deficiencies in Samsung's production. Ex. 2, (3/19 Holloway Letter to Pensabene). In response and pursuant to P.R. 3-4, Samsung produced additional source code on April 23, 2018. Ex. 3, (04/23 Letter from Whilt to Virgien). Based on the source code produced as of April 23, FotoNation served its First Amended Infringement Contentions on May 23, 2018, pursuant to P.R. 3-1(g) of the Discovery Order. Dkt. 46. In that amendment, FotoNation provided source code contentions for seventy out of the 116 asserted claims.[2] Ex. 4, (FotoNation's First Amended Infringement Contentions Exhibits A-1, B-1, C-1, D-17, E-1, F-1, G-1, and H-1). Specifically, FotoNation supplemented *only* the following claim limitations with source code citations pursuant to P.R. 3-1(g)[3,4]:

**'674 Patent:**   Claims 8, 12, 14, 22, 26, 28, 36, 40, and 42

**'715 Patent:**   Claims 2, 3, 4, and 6

**'274 Patent:**   Claims 1(d)-(e), 5(d)-(e), and 9(d)-(e)

**'829 Patent:**   Claims 1(b), 6, 7, 8, 9, 10, 11(c), 13, 14, 15, 16, 17, 18, 19, 28(c), 31, and 32(a)-(c)

---

[2] In its First Amended Infringement Contentions, FotoNation also sought leave of court to make two amendments in addition to its source code supplementation permitted by P.R. 3-1(g). *See* Dkt. 96. First, FotoNation amended the priority date for U.S. Patent No. 8,254,674 from October 28, 2004 to September 3, 2008. In light of this amendment, the parties agreed that Samsung could amend its invalidity contentions *as to the '674 patent only*, to include prior art that fell into the period of time between Plaintiffs' original and amended priority dates. *Id.* Second, FotoNation amended its infringement contentions to include contentions against the recently released Samsung Galaxy S9 and S9+. The Court granted FotoNation's request to supplement. *See* Dkt. 97.

[3] Unless otherwise noted, the claim limitation delineation referenced herein reflects how FotoNation organized the claim limitations in its infringement charts.

[4] To the extent the Court determines the preambles of the claims are limiting, then FotoNation refers to those preambles as claim limitations herein.

2

**'016 Patent:** Claims 1(c)-(d), and 6

**'218 Patent:** Claims 1(e)–(f), 2, 3, 4, 5, 6, 8, 9, 10, 12, 14, 15, 26(b)-(c) and 26(e)-(f), 27, and 28

**'897 Patent:** Claims 1(c), 5(b)-(d), 6, 7, 8, 9, 10, 11, 12, 13, and 14(b)

**'932 Patent:** Claims 1(d), 5, 6, 7(d), 11, 12, 13(d), 17, and 18

Thirty days later on June 22, Samsung served amended invalidity contentions purportedly pursuant to P.R. 3-3(e). Ex. 5, (Excerpt of Samsung's June 22, 2018 Amended Invalidity Contentions). Samsung identified two new prior art references for the '829 patent, and one new prior art reference for each of the '218, '897, and '932 patents. Ex. 6, (Samsung's First Amended Invalidity Contentions Charts for the '829, '218, '897, and '932 patents). For each of these references, Samsung provided new invalidity contentions for virtually every asserted claim limitation, irrespective of whether FotoNation supplemented those limitations with source code citations. *Id.* Specifically, Samsung improperly served new contentions as to the following eighty-three claim limitations that FotoNation *did not supplement* pursuant to P.R. 3-1(g)[5]:

**'829 Patent:** Claims 1(a), 1(c), 2, 3, 4, 5, 11(pre), 11(a)-(b), 11(d)-(e), 12, 20(all elements), 21, 22, 23, 24, 25, 26, 27, 28(pre), 28(a)-(b), 28(d), 29, 30, 33, and 34[6]

**'218 Patent:** Claims 1(pre), 1(a)-(d), 1(g), 11, 26(pre), 26(a), 26(d), 26(g), 29, 30, and

---

[5] In its Amended Invalidity Contentions, Samsung also supplemented its contentions to include prior art that fell into the period of time between Plaintiffs' original and amended priority dates for the '674 patent. Samsung's supplement as to the '674 patent was permitted by the Court's order granting the parties Joint Motion for Leave To Supplement Infringement and Invalidity Contentions. *See* Dkt. 97.

[6] These claim limitations correspond to the follow claim limitations in Samsung's Amended Invalidity Charts for the '829 patent: Claims 1(a)-(b), 1(d), 2, 3, 4, 5, 11(pre), 11(a)-(b), 11(e)-(f), 12, 20(pre)-(d), 21, 22, 23, 24, 25, 26, 27, 28(pre), 28(a)-(b), 28(d), 29, 30, 33, and 34.

      32

**'897 Patent:** Claims 1(pre), 1(a)-(b), 1(d)-(e), 2, 3, 4, 5(pre), 5(a), 14(pre), 14(a), and 14(c)-(d)

**'932 Patent:** Claims 1(pre), 1(a)-(c), 1(e), 2, 3, 4, 7(pre), 7(a)-(c), 7(e), 8, 9, 10, 13(pre), 13(a)-(c), 13(e), 14, 15, and 16

Samsung's amendment thus went far beyond the narrow amendment P.R. 3-3(e) permits. On June 26, 2018, FotoNation objected to Samsung's service of supplemental contentions without seeking leave of Court for the '829, '218, '897, and '932 patents. Ex. 7, (06/26 Davis Email to Pensabene). FotoNation requested that Samsung provide its grounds for its improper supplementation. *Id.* Samsung argued that its amendments were in response to FotoNation's May 23 source code supplement, and that it did not need the Court's leave. Ex. 8, (07/10 Pensabene Email to Davis). The parties met and conferred on July 23, 2018. Ex. 9, (07/24 Harms Email to Pensabene). FotoNation maintained its position that Samsung needed to show good cause and to obtain the Court's permission to amend its contentions. Samsung disagreed, and refused to seek the Court's leave. Ex. 10, (07/26 Pensabene Email to Harms). FotoNation reserved its right to move the Court to exclude the additional art. Ex. 9, (07/24 Harms Email to Pensabene).

On August 6, 2018, FotoNation served its Initial Election of Asserted Claims, reducing the number of asserted claims to thirty-two. Ex. 11, (08/06 Initial Election of Asserted Claims). In light of this claim reduction, the claim elements improperly supplemented by Samsung are as follows:

**'829 Patent:** Claims 1(a), 1(c), 11(pre), 11(a)-(b), and 11(d)-(e) [7]

---

[7] These claim limitations correspond to the follow claim limitations in Samsung's Amended Invalidity Charts for the '829 patent: Claims 1(a)-(b), 1(d), 11(pre), 11(a)-(b), and 11(e)-(f).

> **'218 Patent:** Claims 1(pre), 1(a)-(d), 1(g), 11, 26(pre), 26(a), 26(d), 26(g), and 32
>
> **'897 Patent:** Claims 1(pre), 1(a)-(b), 1(d)-(e), 4, 5(pre), 5(a), 14(pre), 14(a), and 14(c)-(d)
>
> **'932 Patent:** Claims 7(pre), 7(a)-(c), 7(e), 8, 9, 13(pre), 13(a)-(c), 13(e), 14, and 15

These claims recite limitations that are distinct from those claims FotoNation supplemented under P.R. 3-1(g). For example, Claim 1(c) of the '829 patent recites that "the target position is indicative of a desired zoom or focus of the miniature camera." Claim 11 of the '218 patent adds the limitation of "displaying an acquired image and superimposing one or more indications of one or more tracked candidate face regions on said displayed acquired image." Claim 32 of the '218 patent further discloses "tracking candidate face regions of different parameters from a plurality of images." For the '897 patent, Claim 4 adds that "the preview and main acquired images comprise different resolutions." Finally for the '932 patent, Claims 8 and 14 provide that "the adjusting values of luminance comprises selectively applying fill-flash to regions within the face image in an amount based on detected skin tone to open up shadows within the face image." Claims 9 and 15 further disclose "repeating the identifying, detecting and adjusting for a second face image having a different skin tone than the first face image, and the adjusting comprises applying fill-flash to the two face images in different relative amounts depending on the different skin tones." FotoNation *did not supplement* these elements pursuant to P.R. 3-1(g). Samsung's amendments as to these additional, distinct forty-five claim elements are improper and should be stricken.

### III. SOURCE CODE AMENDMENTS UNDER THE RULES

"The Local Patent Rules exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *Computer*

5

*Acceleration Corp v. Microsoft Corp.*, 481 F. Supp. 2d 620, 624 (E.D. Tex. 2007) (citation and internal quotation marks omitted). To that end, P.R. 3-3(a) requires that a defendant provide invalidity contentions that "must contain . . . the identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious." P.R. 3-6 permits amendment under certain circumstances after a claim construction order or based on good cause. Samsung makes no such arguments here. Instead, Samsung bases its amendment on P.R. 3-3(e), which is triggered by FotoNation exercising the provisions of P.R. 3-1(g) in the Discovery Order. Dkt. 46.

P.R. 3-1(g) provides that a plaintiff "shall identify, on an element-by-element basis for each asserted claim" source code associated with the accused products that satisfies the claim elements that the plaintiff deemed as being "software limitations." *See* Dkt. 46 ¶ 3(a). And P.R. 3-3(e), also set forth in the Discovery Order, provides:

> If ***a party claiming patent infringement exercises the provisions of P.R. 3-1(g)***, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that ***amend only those claim elements identified as software limitations*** by the party claiming patent infringement.

Dkt. 46.

These and similar provisions for source code amendments have been included in discovery orders as far back as 2007. *See, e.g.*, *Xerox Corp. v. Sharp Corp.*, No. 2:06-CV-187 (TJW), Dkt. 62 (E.D. Tex. Mar. 14, 2007), Ex. 12 at 9. Recognizing that a plaintiff's "lack of access to [confidential] source code coupled with [the defendant's] right to prepare a defense [had] led to numerous discovery disputes," the Court formalized a procedure to allow plaintiffs to amend their infringement contentions consistent with this Court's decision in *American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558 (E.D. Tex. 2005). Ex. 12 at 9. By including an "automatic" source code amendment, the Court sought to help "alleviate these disputes and provide clear direction to the parties." *Id.* at 9.

Like P.R. 3-3(e) here, these early provisions also allowed a defendant to amend its invalidity contentions without leave of Court. The amendment was limited, however, "*only* to the extent the modifications relate[d] to the software claim elements identified by [the plaintiff]." *Id*. at 10. Leaving no room for misinterpretation, the Court stated that "P.R. 3-3(e) *does not* allow a party opposing a claim of infringement an opportunity to modify or amend non-software contentions." *Id.*

Recently, a Court in this district expressly circumscribed a defendant's attempt to expand its amendment of its invalidity contentions beyond those elements that a plaintiff amended pursuant to P.R. 3-1(g). *See Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-37-RSP-RWS, Dkt. 224 (E.D. Tex. Nov. 28, 2016) (Ex. 13). There, the Court made clear that the invalidity contention amendment pursuant to P.R. 3-3(e) must be limited to the claim elements the plaintiff amended under P.R. 3-1(g). *See, e.g.*, *id.* at 25:20-22 ("I think what they have to link them to is to the claim elements for which you exercised your option under 3-1(g)."); 41:9-13 ("So I'm going to direct the Defendant to revise their claim — I mean, their 3-3(e) invalidity contentions, their supplemental contentions, to address only the claim elements which you've addressed in your supplemental infringement contentions under 3-1(g).").[8]

As in *Elbit*, P.R. 3-3(e) in the Discovery Order in this action provides that for the claim limitations where FotoNation "exercises the provisions of P.R. 3-1(g)," Samsung can "amend only

---

[8] *See also* 26:5-7 ("I do think that the 3-3(e) supplemental invalidity contentions need to be limited to the claim elements for which you exercised that option."); 31:19-21 ("My concern is that your supplemental invalidity contentions under 3-3(e) should be limited to the claim elements for which the Plaintiff has relied upon 3-1(g) . . . ."); 34:5-6 ("your 3-3(e) supplemental contentions need to be limited to those claim elements."); 38:8-12 ("I'm not aware of any restriction under the rules on 3-3(e) supplemental contentions that prevents the Defendant from adding evidence or references as long as it's directed to the claim elements as to which the Plaintiff elected to rely upon 3-1(g).").

7

those claim elements" in its supplemental invalidity contentions. Dkt. 46. FotoNation amended its infringement contentions pursuant to P.R. 3-1(g) for twenty limitations of the currently asserted claims for the '829, '218, '897, and '932 patents. Samsung's amendment would have been proper if limited only to those same twenty claim limitations. P.R. 3-3(e). But Samsung supplemented its invalidity contentions to identify new art for an additional *forty-five* distinct claim limitations that FotoNation *had not amended* pursuant to P.R. 3-1(g). Samsung's amended contentions for these forty-five limitations are thus outside the bounds of what is permitted under P.R. 3-3(e) and require leave of Court pursuant to P.R. 3-6. Samsung refused to seek that leave. The Court should therefore strike Samsung's new invalidity contentions as to these forty-five limitations.

## IV. CONCLUSION

Samsung should not be permitted to improperly amend its invalidity case under the guise of P.R. 3-3(e). Because Samsung's amendments address forty-five claim elements for which FotoNation did not exercise the provisions of P.R. 3-1(g), those portions of Samsung's amended invalidity contentions are improper under P.R. 3-3(e) and should be stricken.

Dated: September 17, 2018

*/s/ Julie M. Holloway w/permission Claire Abernathy Henry*
Matthew J. Moore
matthew.moore@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304
Tel: 202-637-2200
Fax: 202-637-2201

Julie M. Holloway
State Bar No. 196942
julie.holloway@lw.com
Kyle A. Virgien
kyle.virgien@lw.com
Blake Richard Davis
blake.davis@lw.com
Allison K Harms (pro hac vice)

8

allison.harms@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San, Francisco, CA 94111-2562
Tel: 415-391-0600
Fax: 415-395-8095

David K. Callahan
david.callahan@lw.com
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: 312-876-7700
Fax: 312-993-9767

T. John Ward
State Bar No. 20848000
tjw@wsfirm.com
Claire Abernathy Henry
State Bar No. 24053063
claire@wsfirm.com
Andrea L. Fair
State Bar No. 24078488
andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Tel: 903-757-6400
Fax: 903-757-2323

*Attorneys for Plaintiffs FotoNation Limited and DigitalOptics Corp. MEMS*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the September 17, 2018.

                                                                                     */s/ Claire Abernathy Henry*
                                                                                     Claire Abernathy Henry